THE UNION CENTRAL LIFE INSURANCE COMPANY *et al.*, Plaintiffs-Appellants, *v.* W. D. GRANT *et al.*, Defendants-Appellees.

(No. 58009; ▮▮▮▮▮▮▮

First District (5th Division)—December 19, 1972.

Albert E. Jenner, Jr., Charles J. O'Laughlin, and Arthur M. Sussman, all of Chicago, for appellants.

Schiff, Hardin, Waite, Dorschel & Britton, of Chicago, (James B. O'Shaughnessy, Barry S. Alberts, and C. Malcolm Moss, of counsel,) for appellees.

PER CURIAM:

Plaintiffs, members of American Life Convention (A.L.C.), an unincorporated association of life insurance companies, appeal from a final order at the close of plaintiff's case, finding in favor of defendants and dismissing the cause. The complaint requested an injunction staying the merger and dissolution of A.L.C. into another association of life insurance companies. No question is raised as to notice of the proposed merger and dissolution by any of the 329 members of A.L.C. A meeting of the members was held pursuant to an agreed court order of May 9, 1972. The merger and dissolution was to be accomplished by two steps: (1) a vote to amend the constitution to permit and establish a procedure for merger, and (2) a vote to merge with another association of life insurance companies, Life Insurance Association of America (LIAA). Not a part of the voting, but present in the planning, was a later incorporation of LIAA under the name of the American Life Insurance Association, Inc. (A.L.I.A.).

The vote in favor of amending the constitution was 150 with 50, including these eight plaintiffs, opposing. Proxies were not permitted on

the vote to amend the by-laws. The vote favoring merger was 224 (including proxies). Sixty-four, again including plaintiffs, opposed merger and 41 members did not vote. The effective date of the merger was established as December 31, 1972.

In view of the imminence of this date we believe that justice will best be served as to the parties on both sides of this case by the expeditious filing of this opinion rather than the filing of a "full opinion" with citations of authorities, *etc.* at a later date.

After thoroughly examining the record and the briefs of the parties, and after a thorough oral argument of the case by counsel for both sides, we conclude: that A.L.C.'s constitution provided for amendment; that the constitution was properly amended to provide for the merger; that the vote of the members to merge was conducted fairly and was binding on the association. Furthermore, we note that the present services of A.L.C. will be continued in the new corporation; that the purposes and objectives of the new corporation are substantially the same as those of A.L.C.; and that any dissenting member of A.L.C. may withdraw from the association and receive his *pro-rata* share of the assets.

Therefore, the order of the trial court is hereby affirmed.

Affirmed.